UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number:  08-20117-CIV-MARTINEZ-BROWN

MAX JOSEPH, CANESTE SUCCE, and
WILLIAM ST. LOUIS, for themselves and on
behalf of all others similarly situated,

    Plaintiffs,

vs.

LIBERTY NATIONAL LIFE INSURANCE
COMPANY, a corporation,

    Defendant.
_____/

### ORDER DENYING DEFENDANT'S MOTION TO CHANGE VENUE TO THE WEST PALM BEACH DIVISION

THIS CAUSE came before the Court upon Defendant's Motion to Change Venue to the West Palm Beach Division **(D.E. No. 20)**.  Plaintiffs Max Joseph, Caneste Succe, and William St. Louis filed a Class Action Complaint against Defendant Liberty National Life Insurance Company ("Defendant" or "Liberty"), alleging that Liberty has discriminated against black Haitian-Americans in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1982 in the issuance and maintenance of its insurance policies.  Plaintiffs filed suit in the Miami Division of the Southern District of Florida.  Defendant has filed a motion to change the venue of this case to the West Palm Beach Division of the Southern District of Florida pursuant to 28 U.S.C. § 1404(a).[1]

---

[1] Defendant also cites to Local Rule 3.1 and 28 U.S.C. § 1406(a).  However, neither rule provides guidance on the issue of whether or not a change of venue is appropriate.  Local Rule 3.1 simply states in relevant part that "Palm Beach County actions and proceedings shall be tried at West Palm Beach, Florida."  28 U.S.C. § 1406(a) allows a court to transfer an action instead of dismissing it when venue is improper.  Defendant has not challenged that venue is improper under 28 U.S.C. § 1391.

Section 1404(a) provides that a district court may transfer a civil case to any district where it might have been brought "[f]or the convenience of parties and witnesses" and "in the interest of justice." In considering whether to transfer a case pursuant to section 1404(a), the Court considers the following factors:

> 1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F. 3d 1132, 1135 n.1 (11th Cir. 2005). The moving party bears the burden of demonstrating that the case should be transferred. *Mason v. Smithkline Beecham Clinical Labs.*, 146 F. Supp. 2d 1355, 1359 (S.D. Fla. 2001).

Plaintiffs do not dispute that this case could have been brought in the West Palm Beach Division of the Southern District of Florida. Thus, the Court considers the factors relating to the "convenience of witnesses and parties" and "the interest of justice." Plaintiffs argue that this case should remain in the Miami Division because Liberty regularly transacts business in Miami-Dade County, and Liberty has an office in Miami. Plaintiffs also argue that many of their proposed class members and thus, many of the witnesses and documents will be found in Little Haiti, which is located in Miami. *See* (D.E. No. 23 at 2, 8). In contrast, Defendant argues that the location of information regarding potential class members is irrelevant. Defendant argues that transfer is appropriate as none of the named Plaintiffs are residents of Miami and the agent who sold the named Plaintiffs their particular policies, Olry Maurival, is a resident of Palm Beach County.

After careful consideration, the Court finds Defendant has not demonstrated that a transfer is warranted to the West Palm Beach Division. Defendant only addressed five of the relevant factors listed above, and the factors which it did address were addressed only in a conclusory manner. This Court agrees that in considering venue, the inquiry must be focused only on the named Plaintiffs and not the potential class members. *See United States v. Trucking Employers, Inc.*, 72 F.R.D. 98, 100 (D.D.C. 1976) (stating that "[a]s most courts have held, the relevant venue question in such circumstances is whether venue is proper as among the parties who have in fact been brought personally before the court as named parties to the action, the parties representing and in effect standing in for the absent class members."). *See also United States ex. Rel. Sero v. Preiser*, 506 F. 2d 1115, 1129 (2d Cir. 1974) (stating that "[a]lthough the same statutory provisions determine venue for Rule 23 as for nonclass actions, 28 U.S.C. 1391(a) . . . . may be satisfied if only the named parties to a class action meet its requirements.").

However, at this time it is unclear where a substantial part of the events giving rise to the named Plaintiffs' cause of action occurred.[2] It is equally unclear who exactly the witnesses will be in this action and where the relevant documents relating to the named Plaintiffs' claims are located. Because Defendant has not provided the Court with this information, the Court finds Defendant has failed to demonstrate that transfer is appropriate pursuant to section 1404(a).[3]

---

[2]Simply stating that Plaintiffs reside in Palm Beach County and that the agent who sold them their policies also resides in Palm Beach County is not enough. Where these persons reside does not necessarily explain where the events which gave rise to this cause of action occurred nor does it explain where the relevant discovery will be located.

[3]Defendant appears to argue that this Court should retain this case for all pretrial matters and then transfer this case to the West Palm Beach Division for trial. It is unnecessary to address this request based on the above finding that Defendant has not demonstrated that transfer is appropriate. However, the Court notes that such a bifurcation would be judicially inefficient and

Therefore, it is hereby:

    **ORDERED and ADJUDGED** that

    Defendant's Motion to Change Venue to the West Palm Beach Division **(D.E. No. 20)** is

**DENIED.**

    DONE AND ORDERED in Chambers at Miami, Florida, on this 9 day of May, 2008

    _____
    JOSE E. MARTINEZ
    UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Brown
All Counsel of Record

---

would most likely waste both the court's time and resources and the parties' time and resources.